**Connie ORRISON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 5678.**

Court of Appeals of Alaska.

Dec. 10, 1982.

---

Dick L. Madson, Cowper & Madson, Fairbanks, for appellant.

Charles M. Merriner, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., SINGLETON, J., and CARLSON, Superior Court Judge.*

## OPINION

SINGLETON, Judge.

Connie Orrison was indicted by the grand jury for negligent homicide, former AS 11.-15.080, and convicted by a trial jury of the lesser included offense of desertion or non-support, former AS 11.35.010. Briefly, Orrison, her friend, Robert Douglas Jolley, and Orrison's three children resided together in Fairbanks between October and December of 1979. Among Orrison's children was Jesse Orrison, age three. Jesse's death resulted in indictments against Orrison and Jolley for homicide. *See Jolley v. State,* 655 P.2d 784 (Alaska App., 1982). Orrison appeals contending that there was insufficient evidence to present the case against her to the jury. Former AS 11.35.010 provides in relevant part:

> A person who is the parent or guardian of a child under the age of 16 years dependent upon him for care, education or support, and who deserts or abandons the child or ward, or willfully fails, without lawful excuse, to furnish necessary food, care, clothing, shelter, medical attendance, education or support for the child or ward [is guilty of an offense].

* Carlson, Superior Court Judge, sitting by assignment made pursuant to article IV, section

Orrison argues and the state concedes that the element of "willfully fails . . . without lawful excuse" requires that Orrison had knowledge of facts that would lead a reasonable person to furnish medical assistance to Jesse or, in the alternative, furnish Jesse protection from Jolley and that despite such knowledge she failed to do so. In reviewing denial of a motion for judgment of acquittal our role is limited:

> In reviewing the denial of a motion for judgment of acquittal, this court must consider the evidence and the reasonable inferences arising therefrom in the light most favorable to the state and determine if fair-minded jurors in the exercise of reasonable judgment could differ on the question whether guilt has been established beyond a reasonable doubt. If jurors could so differ, then the case was properly submitted to the jury. We must consider the entire record, not just the prosecutor's case in chief, regardless of when the motion for acquittal was made.

*Elson v. State,* 633 P.2d 292, 298 (Alaska App.1981) (citation omitted).

It is not necessary to present in detail the evidence surrounding Jesse Orrison's last few months of life. Suffice to say that he was subjected to a continuous course of extreme abuse resulting in extensive bruising and abrasions. The medical cause of his death was a perforation of his small intestine, leading to a massive infection, blood poisoning and death. Substantial medical evidence supported a finding that Jesse's injuries were the result of physical abuse, and other evidence established the perpetrator of that abuse as Robert Jolley. Orrison lived with Jolley and under the circumstances, a jury could find that she could not help but be aware of Jesse's injuries and his need for medical attention. Under all of the circumstances we believe reasonable jurors could differ as to whether Orrison was proved guilty beyond reasonable doubt of each of the elements of child neglect.

The judgment of the superior court is AFFIRMED.